**Elise R. LOBEGEIGER, Plaintiff,**

v.

**CELEBRITY CRUISES, INC., et al., Defendants.**

Case No. 11–21620–CIV.

United States District Court, S.D. Florida.

April 13, 2012.

---

Jeffrey A. Greene, Franklin, TN, Kevin Kenneth Ross, Foley & Lardner, Orlando, FL, for Plaintiff.

Andrew Douglas Craven, Houck Anderson, P.A., John Joseph Quick, Royal Caribben Cruises, Ltd., William Frederick Fink, Wicker Smith O'Hara McCoy et al., Miami, FL, Daniel Philip Stiffler, Law Offices of Patricia E. Garagozlo, Plantation, FL, for Defendant.

## *ORDER*

CECILIA M. ALTONAGA, District Judge.

**THIS CAUSE** came before the Court on Defendant, Royal Caribbean Cruises Ltd.'s ("RCCL['s]") Motion for Summary Judgment ("Motion") [ECF No. 93], filed March 8, 2012. RCCL seeks summary judgment as to Count VII (vicarious liability of RCCL by piercing the corporate veil) and Count VIII (vicarious liability of RCCL by actual agency) of Plaintiff, Elise R. Lobegeiger's ("Plaintiff['s]") Second Amended Complaint ("Complaint") [ECF No. 47]. Plaintiff filed a Memorandum in Opposition ... ("Response") [ECF No. 118] on March 26, 2012, and RCCL filed a Reply ... ("Reply") [ECF No. 147] on April 10, 2012. The Court has carefully

considered the Motion, the parties' submissions, the record, and the applicable law.

## I. BACKGROUND[1]

This matter arises from injuries Plaintiff sustained as a passenger aboard the vessel the Celebrity Mercury ("Mercury"). RCCL and Defendant Celebrity Cruises, Inc. ("Celebrity") share employees, including Carlos Aguilar ("Aguilar"), a joint employee in "Guest Care" with whom Plaintiff communicated concerning the accident. (Lobegeiger's Statement of Undisputed Material Facts ("SMFO") ¶ 4 [ECF No. 118] ). Another such shared employee is Esperanza Cantillo ("Cantillo"). (*See id.*). RCCL, not Celebrity, purchased the chairs at issue in this case for use on the Mercury. (*See id.* ¶ 5). RCCL and Celebrity share policy manuals, including the safety policies at issue in this case. (*See id.* ¶ 6). RCCL, not Celebrity, employed Dr. Charles Laubscher ("Dr.Laubscher"), the ship's physician whose conduct is at issue. (*See id.* ¶ 7). RCCL and Celebrity share a single corporate representative for the purposes of Rule 30(b)(6) of the Federal Rules of Civil Procedure. (*See id.* ¶ 8). RCCL pays for the expenses of medical evacuations from Celebrity ships. (*See id.* ¶ 9).

## II. LEGAL STANDARD

Summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). In making its assessment of summary judgment, the Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party," *Stewart v. Happy Her-*

man's Cheshire Bridge, Inc., 117 F.3d 1278, 1285 (11th Cir.1997), and "must resolve all reasonable doubts about the facts in favor of the non-movant." *United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of America,* 894 F.2d 1555, 1558 (11th Cir. 1990).

"By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248, 106 S.Ct. 2505. Likewise, a dispute about a material fact is a "genuine" issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at

---

1. Unless otherwise noted, the facts are undisputed.

322, 106 S.Ct. 2548. In those cases, there is no genuine issue of material fact "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323, 106 S.Ct. 2548.

## III. ANALYSIS

The Court addresses RCCL's arguments with regard to Counts VII and VIII in turn.

### A. Count VII—Piercing the Corporate Veil

RCCL's "facts" of the case, which the Court agrees with Plaintiff are not true facts but rather a statement of the case, center on the Order of August 23, 2011 [ECF No. 43] dismissing Plaintiff's claim in her original complaint for vicarious liability of RCCL, by piercing the corporate veil, for negligence of its agent Celebrity. (*See* RCCL's Statement of Undisputed Material Facts ("SMF") ¶ 1 [ECF No. 93]; Aug. 23, 2011 Order 27–29). In the August 23, 2011 Order, the Court found Plaintiff had made only two factual allegations regarding RCCL—that it purchased Celebrity in 1997, and that Celebrity is a wholly-owned subsidiary of RCCL. (*See id.* 28). The Court found these allegations insufficient to show that RCCL "totally dominated and controlled Celebrity to such an extent that Celebrity has no corporate interests of its own." (*Id.*). Merely alleging that RCCL is the sole owner of Celebrity is not enough to pierce the corporate veil.

RCCL contends that in the current Complaint, Plaintiff has merely split her prior claim into two counts and made several allegations to further detail that Celebrity is RCCL's wholly-owned subsidiary. (*See* SMF ¶ 2). According to RCCL, Plaintiff has not made allegations that Celebrity engaged in fraud or that there was assent between RCCL and Celebrity. (*See id.*). RCCL argues that the Complaint is "no different" than what Plaintiff previously alleged, and which the Court dismissed. (Mot. 4).

Plaintiff, however, asserts that RCCL misstates the law, in that a showing of fraud is not necessary to pierce the corporate veil if total domination and control are present. (*See* Resp. 3). Plaintiff points out that RCCL made hiring decisions for Celebrity, including the decision to hire Dr. Laubscher. (*See* SMFO ¶ 7). RCCL also selected the chairs that Celebrity used on the Mercury. (*See id.* ¶ 5). Plaintiff concludes by arguing that the question of whether the corporate veil is pierced is an issue for the jury. (*See* Resp. 4).

According to RCCL, it is Plaintiff who misstates the law, because "total domination alone is never enough to pierce the corporate veil." (Reply 2). RCCL clarifies that even if a showing of fraud *per se* is not necessary to pierce the corporate veil, Plaintiff must at least show "improper conduct" on its part. (*Id.*). RCCL cites *Dania Jai–Alai Palace, Inc. v. Sykes,* 450 So.2d 1114 (Fla.1984), for the principle that "the corporate veil may not be pierced absent a showing of improper conduct." *Id.* at 1121. RCCL further points to *Vasquez v. YII Shipping Co. Ltd.,* No. 11–60248–CIV–ALTONAGA [ECF No. 72], 2011 WL 5119006 (S.D.Fla. Oct. 28, 2011), in which the undersigned stated that "to pierce the corporate veil, a plaintiff is required to prove both that the corporation is a mere instrumentality or alter ego of the defendant and that the defendant engaged in improper conduct." *Id.* at *18 (quoting *Mason v. E. Speer & Assocs., Inc.,* 846 So.2d 529, 533–34 (Fla. 4th DCA 2003)).

On this question the Eleventh Circuit has held:

> It is black letter law in Florida that to disregard this corporate fiction and hold the corporation's owners liable—to

"pierce the corporate veil"—the plaintiff must prove that:

(1) the *shareholder* dominated and controlled the corporation to such an extent that the corporation's independent existence, was in fact non-existent and the *shareholders* were in fact alter egos of the corporation;

(2) the corporate form must have been used fraudulently or for an improper purpose; and

(3) the fraudulent or improper use of the corporate form caused injury to the claimant.

*Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1349 (11th Cir.2011) (emphasis in original). RCCL is correct that domination and control are not sufficient, and that improper conduct and resulting injury must also be shown. The difficulty for the Court, however, is that the parties do little to clarify whether the facts in the record show control, improper conduct, and/or resulting injury. RCCL dismisses the facts as merely a variation on the allegations in Plaintiff's initial complaint. However, it is evident the Court cannot accept this flip characterization at face value, as Plaintiff has presented facts not alleged in the initial complaint with respect to RCCL's involvement in the events surrounding her injury. The issue is whether these undisputed facts create an issue of fact as to the three elements outlined by the *Molinos* court.

■ With respect to the first element, in the August 23, 2011 Order the Court described the rule that to pierce the corporate veil, "[t]he individual must have used the corporate entity to perpetrate a fraud or have so dominated and disregarded the corporate entity's corporate form that the corporate entity primarily transacted the individual's personal business rather than its own corporate business." (Aug. 23, 2011 Order 27 (quoting *Williamson v. Recovery Ltd. P'ship*, 542 F.3d 43, 53 (2d

Cir.2008)) (internal quotation and brackets omitted)). Over and above formal ownership, "the parent corporation's control must 'amount to total domination of the subservient corporation, to the extent that the subservient corporation manifests no separate corporate interests of its own and functions solely to achieve the purposes of the dominant corporation.' " (*Id.* 28 (quoting *Baker v. Raymond Int'l, Inc.*, 656 F.2d 173, 181 (5th Cir.1981))).

■ The facts presented by Plaintiff tend to show RCCL's involvement and control over Celebrity with respect to the specific conditions of her injury. For example, that RCCL purchased the chair that allegedly injured Plaintiff and hired the doctor who treated her are aspects of control directly relating to a particular event. So is the fact that RCCL shares with Celebrity the employee Aguilar, to whom Plaintiff spoke after the accident. The test for piercing the corporate veil, however, looks to the existence of "total domination" of the corporation. *Baker*, 656 F.2d at 181. The Court is not convinced such a handful of event-specific facts meet this test, particularly when the purchase of chairs and hiring of a few staff members are such minor aspects of the operations involved in running a cruise ship.

Plaintiff does further show that RCCL and Celebrity shared policy manuals, that they share a single corporate representative for purposes of Rule 30(b)(6), and that RCCL pays for the expenses of medical evacuations from Celebrity ships. These facts do tend to speak more to RCCL's involvement in Celebrity's general business practices. However, the Court is mindful of specific examples of domination and control courts have found sufficient to pierce the corporate veil, and the factual record in the present action is woefully inadequate. The Eleventh Circuit has

considered the following "laundry list" of twelve factors in determining whether a subsidiary is an alter ego:

(1) the parent and the subsidiary have common stock ownership;

(2) the parent and the subsidiary have common directors or officers;

(3) the parent and the subsidiary have common business departments;

(4) the parent and the subsidiary file consolidated financial statements and tax returns;

(5) the parent finances the subsidiary;

(6) the parent caused the incorporation of the subsidiary;

(7) the subsidiary operates with grossly inadequate capital;

(8) the parent pays the salaries and other expenses of the subsidiary;

(9) the subsidiary receives no business except that given to it by the parent;

(10) the parent uses the subsidiary's property as its own;

(11) the daily operations of the two corporations are not kept separate; and

(12) the subsidiary does not observe the basic corporate formalities, such as keeping separate books and records and holding shareholder and board meetings.

*United Steelworkers of Am., AFL–CIO–CLC v. Connors Steel Co.,* 855 F.2d 1499, 1505 (11th Cir.1988) (quoting *United States v. Jon–T Chemicals, Inc.,* 768 F.2d 686, 691–92 (5th Cir.1985)). The Eleventh Circuit noted that this inquiry is a fact-intensive one, and not all twelve factors need be present. *See id.* at 1506. In the present case the factual record on this issue is so sparse that the Court can scarcely determine whether *any* of the twelve factors have been established.[2]

None of the facts Plaintiff invokes have any direct bearing on Celebrity's corporate structure and governance, which begs the question of how a fact-finder could possibly determine the corporate structure was misused and dominated.

Accordingly, the Court finds Plaintiff has not demonstrated a genuine issue of fact as to whether Celebrity was so dominated and controlled by RCCL that the corporate veil should be pierced. Because the Court cannot find an issue as to such domination and control, the Court need not address the remaining factors—whether there was improper conduct and resulting injury to Plaintiff. *Molinos Valle Del Cibao,* 633 F.3d at 1349. The Court grants summary judgment to RCCL on this Count.

### B. Count VIII—Actual Agency

RCCL next asserts there is no evidence that it acknowledged Celebrity as its agent, or that Celebrity undertook to act as RCCL's agent. (*See* Mot. 4–5). Nevertheless, Plaintiff insists that "RCCL controlled *all* of the actions of Celebrity relevant to this action," including which chairs to use on the deck, who was hired as the ship's doctor, and Celebrity's safety policies. (Resp. 4). Plaintiff expresses the concern that a jury might conclude RCCL, not Celebrity, was responsible for her injuries, but that a jury would be unable to render a verdict for Plaintiff if judgment against RCCL were unavailable. (*See id.* 5).

RCCL states, however, that to establish actual agency, control is not sufficient. (*See* Reply 6). According to RCCL, Plain-

---

2. The Court recognizes, without making a determination as to their legal sufficiency, that Plaintiff alleged far more facts in Counts VII and VIII of the Complaint regarding RCCL's purported control of Celebrity. For reasons unbeknownst to the Court, these facts were largely omitted from the record and briefing presented for the Motion. The Court cannot manufacture a record out of the allegations of the Complaint and limits its discussion to the evidence before it.

tiff must also show acknowledgement by RCCL that Celebrity will act for it, and Celebrity's acceptance of the undertaking. (*See id.* (citing *Rubin v. Gabay,* 979 So.2d 988, 990 (Fla. 4th DCA 2008))). With regard to Plaintiff's "lamentations" about recovering from RCCL, RCCL contends that Plaintiff ought to have brought a claim for negligence as to RCCL. (*Id.* 7).

 The court in *Rubin* stated: "To establish an actual agency relationship, the following elements must be established: '(1) acknowledgement by the principal that the agent will act for it, (2) the agent's acceptance of the undertaking, and (3) control by the principal over the actions of the agent.'" 979 So.2d at 990 (quoting *State v. Am. Tobacco Co.,* 707 So.2d 851, 854 (Fla. 4th DCA 1998)). Plaintiff does not dispute this statement of the law, but asserts that "the control exercised by RCCL over Celebrity creates a jury question as to actual agency." (Resp. 4). The Court cannot agree with Plaintiff. RCCL is correct that Plaintiff has not made the necessary showing of any *understanding* between RCCL and Celebrity that the latter would act as the former's agent, and Plaintiff appears to concede this point. Moreover, the Court is not convinced Plaintiff has even created an issue of fact as to the control element. "The parent corporation, to be liable for its subsidiary's acts under the agency theory, must exercise control to the extent the subsidiary manifests no separate corporate interest of its own and functions solely to achieve the purposes of the dominant corporation.'" *MeterLogic, Inc. v. Copier Solutions, Inc.,* 126 F.Supp.2d 1346, 1356 (S.D.Fla.2000) (citations, internal ellipses and quotation marks omitted). For the reasons already discussed, Plaintiff has made no such showing. Plaintiff's concern about recovering from RCCL should the jury find no liability on Celebrity's part has no bearing on the analysis of actual agency, or of piercing the corporate veil.

The Court accordingly grants summary judgment for RCCL on Count VIII.

### IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Defendant's Motion **[ECF No. 93]** is **GRANTED.**